UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------- x
DYNAMIC STAR, LLC,                                    Case No.: 1:24-cv-04649 (LAK)

                Plaintiff,

  -against-

DR. JUDITH ZACKSON,

                Defendant.
-------------------------------------------------------------------------------- x


**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT
OF MOTION FOR A PRELIMINARY INJUNCTION**


                                  RUSS & RUSS, P.C.
                                  Attorney for Plaintiff
                                  543 Broadway
                                  Massapequa, New York 11758
                                  (516) 541-1014
                                  jayruss@russrusspc.com

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...............................................................................................1

FACTS OF THE CASE..........................................................................................................1

ARGUMENT

      DYNAMIC IS ENTITLED TO A PRELIMINARY INJUNCTION .................................2

CONCLUSION.......................................................................................................................4

# **TABLE OF AUTHORITIES**

**Case(s)**                                                                                                           **Page(s)**

325 Bleecker, Inc. v. Loc. Union No. 747,
    500 F. Supp.2d 110, 124 (N.D.N.Y. 2007)..............................................................................3

Faiveley Transp. Malmo AB v. Wabtec Corp.,
    559 F.3d 110, 118 (2d Cir. 2009) ...........................................................................................3

Forest City Daly Hous., Inc. v. Town of N. Hempstead,
    175 F.3d 144, 153 (2d Cir. 1999) ...........................................................................................3

Johnson as Trustee of Johnson Family Trust v. Saba Cap. Mgmt., L.P.,
    No. 22-cv-04915 (AT), 2023 WL 1345717, at *2
    (S.D.N.Y. Jan. 31, 2023). ..................................................................................................  2-3

JSG Trading Corp. v. Tray–Wrap, Inc.,
    917 F.2d 75, 79 (2d Cir. 1990) ...............................................................................................3

Maness v. Meyers,
    419 U.S. 449, 95 S.Ct. 584 (1975)..........................................................................................3

New York ex rel. Schneiderman v. Actavis PLC,
    787 F.3d 638, 660 (2d Cir. 2015) ...........................................................................................3

Salinger v. Colting,
    607 F.3d 68, 81 (2d Cir. 2010) ...............................................................................................3

Winter v. Natural Res. Def. Council, Inc.,
    555 U.S. 7, 20 129 S.Ct. 365, 374 (2008)...............................................................................2

## PRELIMINARY STATEMENT

Plaintiff, DYNAMIC STAR, LLC ("Dynamic"), submits this memorandum of law in response to the opposition of Defendant DR. JUDITH ZACKSON ("Dr. Zackson") and in further support of Dynamic's motion for a preliminary injunction.

## FACTS OF THE CASE

It is respectfully submitted that Dynamic's entitlement to injunctive relief is fully established. Dr. Zackson has not rebutted any of the complaint allegations. The only "defense" which Dr. Zackson raises in opposition to the motion is that of timeliness of the application.

Dynamic is a Delaware limited liability company that was formed on October 2, 2017. It became authorized to do business in the State of New York on June 12, 2024.[1] Dr. Zackson admits that she surreptitiously – but unlawfully – engaged in electronic surveillance of her husband and his business associates at Dynamic on two occasions. Zackson asserts that she committed these acts only twice and that these acts occurred in the distant past.

Neither Dynamic nor the Court are required to accept this self-serving assertion as irrefutably conclusive. After all, Dr. Zackson has peculiar and exclusive knowledge of the existence or nonexistence of the facts. She did not meet her burden by just denying that her surreptitious and unlawful electronic surveillance was limited. In any event, Dynamic has plausibly asserted, through affidavits, that Dr. Zackson's surreptitious and unlawful electronic surveillance was pervasive and not was limited to two discrete instances in the distant past.

Dr. Zackson submitted two affidavits in opposition to the motion. Dr. Zackson's counsel, in its memorandum of law, asserts that Dynamic is not entitled to injunctive relief because Dr.

---

[1] Zackson's opposition memorandum of law argued that Dynamic could not sue in New York since it had not been authorized to do business in New York. That error, having been corrected, is no longer a bar to this action. A.I. Trade Finance, Inc. v. Petra Bank, 989 F.2d 76, 84 (2d Cir. 1993)(Plaintiff corporation's registration in New York after the commencement of the action cured the defect *nunc pro tunc*).

1

Zackson's unlawful surveillance occurred two or more years ago. The affidavits and the memorandum of law entirely miss the point.

As to the timeliness of the motion, Dynamic is owned principally by Gary Segal (Complaint ¶ 3). Segal was unwillingly thrust into the Zacksons' matrimonial action when Dr. Zackson compelled his deposition testimony by subpoena (Complaint ¶ 4). That deposition took place in April 2024. And, as is set forth in ¶ 3 of the Complaint, Dr. Zackson made it clear at the conclusion of the deposition that she intended to use the information which she unlawfully obtained so that she could get "a big check from Uncle Gary" (Id.). This action ripened into a full blown justiciable controversy once Dr. Zackson made her threat.

Then there is Dr. Zackson's lawyer-drafted affidavits (Doc. Nos. 4-25 & 4-30). Justice Adams spotted their flaws. At page 28 of the transcript, Justice Adams stated:

> So it begs the question, she has not stated in her affidavit to me in a compelling fashion that she is not in possession, custody or control <u>of any recordings of Dynamic Star</u>.
>
> \*          \*          \*
>
> She could have very plainly said, I am not in possession, custody or control of any recordings of Dynamic Star.
> (Tr. P. 28, l. 14-17; Tr. P. 30, l. 23-25).

## ARGUMENT

## DYNAMIC IS ENTITLED TO A PRELIMINARY INJUNCTION

Although this action has been removed to Federal Court, Dynamic is still entitled to injunctive relief. The party seeking preliminary injunction must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. See <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 129 S.Ct. 365, 374 (2008); <u>Johnson as Trustee</u>

of Johnson Family Trust v. Saba Cap. Mgmt., L.P., No. 22-cv-04915 (AT), 2023 WL 1345717, at *2 (S.D.N.Y. Jan. 31, 2023).

Of these factors, "[a] showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.... [T]o satisfy the irreparable harm requirement, plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009) (internal marks and citations omitted).

Even under the Federal standards, Dynamic has established an irreparable harm. "Irreparable harm is 'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" New York ex rel. Schneiderman v. Actavis PLC, 787 F.3d 638, 660 (2d Cir. 2015) (quoting Forest City Daly Hous., Inc. v. Town of N. Hempstead, 175 F.3d 144, 153 (2d Cir. 1999)). "The relevant harm is the harm that (a) occurs to the parties' legal interests and (b) cannot be remedied after a final adjudication, whether by damages or a permanent injunction." Salinger v. Colting, 607 F.3d 68, 81 (2d Cir. 2010) (internal footnote omitted). The movant must show that he is likely to suffer irreparable harm if equitable relief is denied. JSG Trading Corp. v. Tray–Wrap, Inc., 917 F.2d 75, 79 (2d Cir. 1990); 325 Bleecker, Inc. v. Loc. Union No. 747, 500 F. Supp.2d 110, 124 (N.D.N.Y. 2007).

In this case, the threat has been made. If Dr. Zackson follows through on the threat, the Court will be powerless to "unring the bell." Maness v. Meyers, 419 U.S. 449, 95 S.Ct. 584 (1975). Accordingly, Dynamic is entitled to a preliminary injunction enjoining Dr. Zackson from disseminating or using all recordings that involve Dynamic pending the trial of this action.

3

Dr. Zackson acknowledged her liability and wrongful conduct at her deposition in the matrimonial action. As Brad Zackson pointed out in his affidavit dated May 30, 2024 in support of the motion (Doc. No. 4-2), Dr. Zackson admitted to having told her sister Toby that she recorded "everything." It is certainly plausible, given Dr. Zackson's admission that she recorded "everything," that, as Mr. Zackson stated in his June 10, 2024 affidavit (Doc. No. 4-4), Dr. Zackson has hundreds of hours of recordings of private confidential conversations involving business matters of Dynamic, unless, of course, she has destroyed those records once her wrongful conduct came to light.  As a result, Dr. Zackson should be directed, in addition to being enjoined from disseminating the electronic data, to preserve and safeguard the electronic recordings; that is, not destroy or spoliate the evidence, including the data (including documents) and the recording devices.  Dr. Zackson should be directed to furnish Dynamic with copies of the data and disclose under oath by affidavit or sworn deposition whether and with whom she shared the electronic data and information.  The scope of the injunctive relief sought is discretely limited, fair and reasonable.

## **CONCLUSION**

The motion should be granted in all respects, together with such other and further relief as to the Court seems just and proper.

Dated: Massapequa, New York
      July 3, 2024

                                        RUSS & RUSS, P.C.

                                        By: *Jay Edmond Russ*
                                           Jay Edmond Russ, Esq.
                                        Attorney for Plaintiff
                                        543 Broadway
                                        Massapequa, New York 11758
                                        (516) 541-1014
                                        jayruss@russrusspc.com