UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DYNAMIC STAR, LLC,<br><br>       Plaintiff,<br><br>  - against -<br><br>DR. JUDITH ZACKSON,<br><br>       Defendant. | Case No. 24-cv-4649 (LAK) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DR. JUDITH ZACKSON'S MOTION TO DISMISS**

TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1
FACTUAL BACKGROUND..........................................................................................................2
    I.    Dr. Zackson is Married to Brad Zackson, Who Works for Dynamic .....................2
    II.   Dynamic Alleges Dr. Zackson Used a Device to Record Brad ..............................2
    III.    Dr. Zackson is Divorcing Brad ...............................................................................2
STANDARD OF REVIEW..............................................................................................................3
ARGUMENT...................................................................................................................................3
    I.    Dynamic Fails to Allege Personal Jurisdiction over Dr. Zackson .......................3
    II.   Dynamic Fails to Allege Standing ...........................................................................5
    III.    The Statute of Limitations Bars Any Federal Wiretapping Claim......................7
    IV.   Dynamic Fails to Allege Necessary Elements
          of a Tortious Interference Claim............................................................................8
    V.   Dynamic Fails to Allege a Wiretap Under Connecticut Law ................................9
    VI.   Injunctive Relief is Not a Separate Cause of Action..........................................10
CONCLUSION .............................................................................................................................10

TABLE OF AUTHORITIES

**CASES**

*Albion & Heath LLC v Hencor Capital Inc.*,
  2017 N.Y. Misc. LEXIS 3480 (N.Y. Sup. Ct. N.Y. Cty. Sept. 13, 2017) ................................. 5
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ........................................................................... 3, 10
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ............................................................. 3, 10
*Bentley v. Tri-State of Branford, LLC*,
  2017 U.S. Dist. LEXIS 123888 (D. Conn. Aug. 6, 2017) ........................................................ 11
*Brafman v. National Broadcasting Co.*,
  1980 U.S. Dist. LEXIS 11251 (S.D.N.Y. May 5, 1980) .......................................................... 6
*Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ................................................................. 4
*Darby Trading Inc. v. Shell Int'l Trading & Shipping Co.*,
  568 F. Supp. 2d 329 (S.D.N.Y. 2008) .................................................................................... 5
*Fantis Foods v. Standard Importing Co.*, 49 N.Y.2d 317 (1980) .............................................. 5
*Katz v. Travelers*, 241 F. Supp. 3d 397 (E.D.N.Y. 2017) ....................................................... 9, 10
*Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc.*,
  368 F. Supp. 3d 460 (E.D.N.Y. 2019) .................................................................................... 5
*Mareno v. Rowe,* 910 F.2d 1043, 1046 (2d Cir. 1990) .............................................................. 5
*Miller v. Levi & Korsinsky, LLP,* 2021 U.S. Dist. LEXIS 27448 (S.D.N.Y. Feb. 12, 2021) ........ 10
*Milligan v. GEICO Gen. Ins. Co.*, 2022 U.S. App. LEXIS 3922 (2d Cir. Feb. 14, 2022) ............ 12
*PBA Local No. 38 v. Woodbridge Police Dep't,* 832 F. Supp. 808 (D.N.J. 1993) ....................... 8
*See Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 (2d Cir. 1994) .................... 3
*Smoot v. United Transp. Union,* 246 F.3d 633 (6th Cir. 2001) ................................................. 8
*Unlimited Cellular, Inc. v. Red Points Sols. SL*, 677 F. Supp. 3d 186 (S.D.N.Y. 2023) .......... 9, 10
*Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., LLC*,
  455 Fed. App'x 102 (2d Cir. 2012) ........................................................................................ 9
*Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196 (2d Cir. 2001) ............................................... 5
*Zahl v. Kosovsky*, 2011 U.S. Dist. LEXIS 22028 (S.D.N.Y. Mar. 3, 2011) ................................ 8

**STATUTES**

18 U.S.C § 2520(e) ..................................................................................................................... 8
18 U.S.C. § 2510 ........................................................................................................................ 6
18 U.S.C. § 2510(11) .................................................................................................................. 7
47 U.S.C. § 151 .......................................................................................................................... 6
Conn. Gen. Stat. § 52-570d ................................................................................................... 6, 10
Conn. Gen. Stat. § 54-41a(10) ................................................................................................... 6
CPLR § 302(a) ........................................................................................................................ 4, 5

**RULES**

Rule 12(b)(2) ............................................................................................................................... 2
Rule 12(b)(6) ............................................................................................................................... 2

Defendant Dr. Judith Zackson respectfully submits this memorandum of law in support of her motion to dismiss the Complaint.

PRELIMINARY STATEMENT

This lawsuit is a bad faith attempt to apply leverage in ongoing Connecticut divorce proceedings. The plaintiff describes no damages, because it did not commence this action to recover damages in good faith. The purpose of this lawsuit is to generate legal fees, publicity, and complications so that a husband can extract concessions from a wife in family court in another state. This Court should reject this effort and dismiss the Complaint both because it lacks personal jurisdiction over the defendant and because the Complaint fails to state a claim upon which relief may be granted.

The plaintiff, Dynamic Star, LLC ("Dynamic") alleges that Defendant Dr. Zackson placed a recording device near a bathroom ceiling in her own home in 2021. Dynamic alleges the device captured, among other things, the defendant's husband and Dynamic employee, Brad Zackson ("Brad"), on the telephone. Dynamic brought this lawsuit in May 2024, claiming the 2021 recordings entitle it to an injunction and damages.

The deficiencies in Dynamic's Complaint are legion. This motion raises six of them. First, Dynamic fails to allege a basis for personal jurisdiction over Dr. Zackson, a Connecticut resident. Second, it does not allege any connection between the recordings and Dynamic to explain how it has standing to assert wiretapping claims. Third, Dynamic's federal wiretapping claim is barred by the statute of limitations. Fourth, it fails to state the necessary elements of a tortious interference claim. Fifth, the statutory basis for its claims applies to wiretaps, not home recordings that incidentally capture phone calls. And sixth, no separate cause of action exists for injunctive relief.

FACTUAL BACKGROUND

I.      Dr. Zackson Is Married to Brad Zackson, Who Works for Dynamic

Brad is a Senior Executive at Dynamic. Complaint ¶ 3; Zackson Decl. ¶ 1. Dynamic is a real estate developer. Complaint ¶ 2. The president of Dynamic is Gary Segal. *Id.*

Brad is also the husband of Dr. Zackson, a licensed clinical psychologist. *Id.* ¶ 3. He resided in the same Greenwich, Connecticut home as Dr. Zackson from 2016 to April 2022. *Id.* ¶ 10. At some point in 2020, Brad moved out of the marital bedroom and into another bedroom in the house. *Id.* While working at Dynamic, Brad had phone conversations that, Dynamic alleges with no further detail, "constituted protectable trade secrets." *Id.* ¶ 10.

II.     Dynamic Alleges Dr. Zackson Used a Device to Record Brad

Dynamic alleges Dr. Zackson placed a recording device by a bathroom ceiling in their house. *Id.* It alleges the device recorded Brad on four occasions between 2021 and 2022, and "at least one of" these recordings was of Brad speaking with a "business associate." *Id.* ¶ 11. It does not allege who the business associate is, whether this person has any connection to Dynamic, or the substance of these four calls. *Id.* Dynamic, however, speculates without explanation that "Dr. Zackson has misused and is likely to misuse in the future the information and/or recordings at any time in any fashion." *Id.* ¶ 19.

III.    Dr. Zackson Is Divorcing Brad

Brad filed for divorce from Dr. Zackson on or about May 27, 2022. *Id.* ¶ 9. The divorce is currently being litigated in Connecticut state court in the Judicial District of Stamford/Norwalk at Stamford. *Id.*

According to the Complaint, when Dynamic was being deposed in connection with this divorce action, Dr. Zackson said her "goal" was to get "a big check from Uncle Gary," meaning Mr. Segal, the president of Dynamic. *Id.* ¶ 4.

2

STANDARD OF REVIEW

A claim is subject to dismissal pursuant to Rule 12(b)(2) if the plaintiff fails to allege personal jurisdiction over the defendant. The Plaintiff has the burden of establishing personal jurisdiction. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "plausibility" standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

ARGUMENT

I.  Dynamic Fails to Allege Personal Jurisdiction over Dr. Zackson

The Complaint makes zero effort to establish that Dr. Zackson, a Connecticut resident, is subject to personal jurisdiction in New York. Instead, Dynamic's sole allegation relevant to the question of jurisdiction is that Dr. Zackson "is a psychologist in Connecticut, residing in Greenwich, Connecticut." Complaint ¶ 3.

Nor could Dynamic establish personal jurisdiction over Dr. Zackson here. She is not subject to general jurisdiction in New York because "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction" in a particular state. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). And for "an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile.'" *Id*. Here, Dr. Zackson is neither domiciled in nor resident in New York, but rather in Connecticut. Complaint ¶ 3; Zackson Aff. ¶ 1. And the last time Dr. Zackson worked in New York was nearly a decade ago, long before the events at issue in this dispute arose. ECF No. 4-30 ¶ 2.

Dynamic fares no better with specific personal jurisdiction. Dynamic alleges none of the CPLR § 302(a) bases for specific jurisdiction. It does not allege this action arises from Dr. Zackson's business in New York pursuant to CPLR § 302(a)(1). It does not allege she committed a tortious act in New York pursuant to CPLR § 302(a)(2) because the subject matter of the complaint arises entirely from alleged conduct in Connecticut. Complaint ¶¶ 3, 9-18. It does not allege her conduct in Connecticut caused an injury in New York (or any injury at all). *See id.* ¶ 26 (noting Dynamic's apprehension about whether it may at some point suffer an injury). Nor does Dynamic allege Dr. Zackson derives substantial revenue from New York or from interstate or international commerce. Therefore, CPLR § 302(a)(3) does not apply. And Dynamic does not allege its claims arise from real estate Dr. Zackson owns or uses in New York pursuant to CPLR § 302(a)(4). With nothing to sustain its burden, Dynamic has failed to allege either general or specific personal jurisdiction. For this reason alone, the Complaint must be dismissed.

Dynamic's allegation that Dr. Zackson's goal in making these recordings was to get "a big check from Uncle Gary," Dynamic's president, does not change this analysis for three reasons:

- First, Dynamic fails to allege Dr. Zackson, a Connecticut therapist, derives substantial revenue from New York or from interstate or international commerce. Nor can they, as Dr. Zackson's practice is based solely in Connecticut. ECF 4-30 ¶ 2. Therefore, even if she had threatened injury in New York, Dynamic fails to meet the express requirements of CPLR § 302(a)(3).

- Second, Dynamic fails to allege that Dr. Zackson's tortious conduct threatened injury in New York. Dynamic alleges that Dr. Zackson's tortious conduct was making recordings. Complaint ¶¶ 22-27. Separate from the alleged tort, it alleges that she made a statement that she wanted money from "Uncle Gary." *Id.* ¶ 4. But it fails to allege the "Uncle Gary" comment has a connection to the tort: it does not allege a threat to release recordings, or that the statement made any reference to the recording, or even that the statement was made in the context of a discussion of the recordings. *Id.* Dynamic simply invites the Court to suspect the comment and the recordings must be related since they appear in the same complaint. And even if the Court read that statement to be a threat, the threat of litigation alone is not tortious for the purpose of CPLR § 302. *See Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc.*, 368 F. Supp. 3d 460, 483 (E.D.N.Y. 2019). Because the allegedly tortious conduct did not threaten an injury in New York and because the "Uncle

   Gary" comment is not itself tortious, there is no tortious conduct that threatened an injury in New York.

- And <u>third</u>, conduct that threatens economic harm to a New York plaintiff is insufficient by itself to constitute an injury in the state.  It is settled law that the domicile of an injured party alone is insufficient to establish an in-state injury within the meaning of CPLR § 302(a)(3).  *Fantis Foods v. Standard Importing Co*., 49 N.Y.2d 317, 326-27 (1980).  Instead, personal jurisdiction requires "a more direct injury within the State and a closer expectation of consequences within the State."  *Id; see also Mareno v. Rowe,* 910 F.2d 1043, 1046 (2d Cir. 1990); *Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 209 (2d Cir. 2001).  New York courts dismiss claims that fail to allege specific details of a New York injury, even when a New York plaintiff suggests loss of business.  *See, e.g., Darby Trading Inc. v. Shell Int'l Trading & Shipping Co*., 568 F. Supp. 2d 329, 337-338 (S.D.N.Y. 2008); *Albion & Heath LLC v Hencor Capital Inc*., 2017 N.Y. Misc. LEXIS 3480, *17 (N.Y. Sup. Ct. N.Y. Cty. Sept. 13, 2017).  Here, Dynamic fails to allege any details of an actual or threatened injury in New York or consequences here.  Its location in New York by itself is therefore insufficient to allege an injury – actual or threatened – in the state.

II.  <u>Dynamic Fails to Allege Standing</u>

   Dynamic also fails to allege standing for its wiretapping claims.  The substance of its claims is that Dr. Zackson improperly recorded her husband, making him the natural plaintiff.  But because Brad is already asserting a claim arising from the recording in currently pending litigation against Dr. Zackson in Connecticut state court, Dynamic asserts the claim in New York in his stead so that a separate lawsuit could exist to harass Dr. Zackson.  *See* ECF No. 4-23.  But because Dynamic cannot allege an injury in its own right, it fails to state a claim.

   Dynamic cites three laws in connection with its wiretap claims: the Connecticut wiretapping statute, Conn. Gen. Stat. § 52-570d; the Electronic Communications Privacy Act, (the "ECPA," itself an amendment to the Federal Wiretap Act, 18 U.S.C. § 2510); and the Federal Communications Act, 47 U.S.C. § 151.

   Dynamic fails to state a Federal Communications Act claim because that law provides no private right of action.  *See Brafman v. National Broadcasting Co.,* 1980 U.S. Dist. LEXIS 11251, at *2 (S.D.N.Y. May 5, 1980) (dismissing complaint).

5

And Dynamic fails to allege standing to assert a claim under the other two laws. The plain text of both the Connecticut wiretapping statute and the ECPA limit who can bring claims. Conn. Gen. Stat. § 52-570d, only permits civil actions for a "person aggrieved" by the violation. Conn. Gen. Stat. § 54-41a(10) defines "aggrieved person" as:

> a person who was a party to any intercepted wire communication, a person against whom the interception was directed, a person named in any order authorizing an interception, or a person having a property interest in any premises involved in any interception.

Similarly, only an "aggrieved person" can bring a claim pursuant to the ECPA. *See Devittorio v. Hall*, 589 F. Supp. 2d 247, 258 (S.D.N.Y. 2008) (dismissing claim). And that statute defines the term as "a person who was a party to any intercepted wire, oral, or electronic communication or a person against whom the interception was directed." 18 U.S.C. § 2510(11).

Here, Dynamic does not allege it was a party to an intercepted communication. Instead, it alleges that Brad frequently had telephone calls related to his work with Dynamic while working from home. Complaint ¶ 10. But it does not allege that any of the recordings captured a conversation *with Dynamic*. Dynamic also alleges that one of the recordings Brad discovered was with a business associate, but it does not allege that the business associate has any connection to Dynamic. *Id.* ¶ 11.

The closest Dynamic comes to alleging that it was a party is in the summary that begins the Complaint. There, it alleges that:

> The illegal and actionable misconduct includes numerous acts of intercepting, listening, and recording of business telephone calls between Brad, a senior executive with Dynamic, and other parties, including at least telephone calls with each of the senior executives at Dynamic…

*Id.* ¶ 3. But that summary contradicts the specific allegations that follow in paragraph 11, where Dynamic alleges only one specific recording with the unidentified business associate, three others with unidentified people, and, beyond those recordings, the "scope of these transgressions is

6

unknown. The number of recordings is unknown. The location of them is unknown. The disclosure or use of them is unknown." *Id.* ¶ 11.

Even if Dynamic argued that conversations with Brad *are* conversations with Dynamic by virtue of the fact that Brad is a Dynamic executive, that argument has no legal support. No court applying the Connecticut wiretapping statute has decided that an employer has standing to assert a claim because its employee was recorded. And for the ECPA, courts only confer standing in situations to employers where they have "possessory" interests in the communications arising from specific allegations that the intercepted conversation concerned a confidential subject and that it took place on company property. *See Smoot v. United Transp. Union,* 246 F.3d 633, 640 (6th Cir. 2001). Dynamic makes no such allegations in the Complaint: there are no allegations about the subject matter of recordings or that they were made on its property, and so it has no standing. *See PBA Local No. 38 v. Woodbridge Police Dep't*, 832 F. Supp. 808, 822 (D.N.J. 1993) (dismissing entity claim for lack of standing).

Because Dynamic fails to allege that it was the party to any recorded communications, it is not an aggrieved person, and thus lacks standing to assert a statutory claim.

III.   The Statute of Limitations Bars Any Federal Wiretapping Claim

Despite its claimed need to temporary and immediate injunctive relief, Dynamic sat on its claims for over two years. It did so because its intent is to assist in Brad's divorce case, not because it has a genuine interest in pursuing the claims or a genuine concern that its business is being or will be damaged. But ECPA claims "are subject to a two-year statute of limitations, which begins to run from the date upon which the claimant first has a reasonable opportunity to discover the violation." *Zahl v. Kosovsky*, 2011 U.S. Dist. LEXIS 22028, at *41-42 (S.D.N.Y. Mar. 3, 2011) (dismissing claim, citing 18 U.S.C. § 2520(e)). Here, Dynamic admits that Brad informed it of the

7

claim in April 2022.  Complaint ¶ 11; Makos Aff ¶ 4.  The federal statutory claim therefore expired in April 2024.  Dynamic filed its complaint in May 2024, one month too late.

IV.     Dynamic Fails to Allege Necessary Elements of a Tortious Interference Claim

Dynamic's tortious interference claim is insufficient as a matter of law because it fails to allege that it lost any business.  To assert a tortious interference claim, a plaintiff must allege:

1. the plaintiff had business relations with a third party;
2. the defendant interfered with those business relations;
3. the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and
4. the defendant's acts injured the relationship.

*Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., LLC*, 455 Fed. App'x 102, 105 (2d Cir. 2012) (applying New York law).  The first element must be expressly pled, and the "[f]ailure to identify specific business entities with which [] Plaintiffs had business relationships is fatal to their tortious interference with business advantage claims." *Katz v. Travelers*, 241 F. Supp. 3d 397, 408-09 (E.D.N.Y. 2017) (collecting cases).  Pleading the fourth element, actual injury, is required to avoid dismissal, too.  *Unlimited Cellular, Inc. v. Red Points Sols. SL*, 677 F. Supp. 3d 186, 200 (S.D.N.Y. 2023) ("The plaintiff must allege that it was actually and wrongfully prevented from entering into or continuing in a specific business relationship.").

Dynamic fails to allege the first element.  It alludes to the fact that it had "business relationships," but it does not say *with whom*.  Complaint ¶¶ 25-27.  The only relationship it names is with its own executive Brad, but it does not allege any harm to that relationship.  *Id.* ¶ 25.  Indeed, Brad still works at Dynamic.  *Id.* ¶ 25; Brad Aff. ¶ 1.  Nor would it make any sense that Dr. Zackson allegedly recording Brad could injure the relationship between Brad and Dynamic.  Without a specific named relationship, the tortious interference claim fails.  *See Katz*, 241 F. Supp. 3d at 408-09.

8

Dynamic's failure to allege an injury also dooms its claim. Its Complaint does not identify a single business opportunity or customer it lost. Complaint ¶¶ 25-27. It relies purely on the speculative possibility (it uses the term "apprehension") that it could possibly lose business in the future. *Id.* Without an actual injury, it fails to state a claim. *Unlimited Cellular,* 677 F. Supp. 3d at 200.

Dynamic similarly fails to plausibly allege a threatened injury. To state a claim for relief, a plaintiff has the burden to allege plausible, non-conclusory allegations of injury. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. Applying this standard, this Court dismisses tort claims that rely on conclusory allegations of injury. *See Miller v. Levi & Korsinsky, LLP,* 2021 U.S. Dist. LEXIS 27448, *24 (S.D.N.Y. Feb. 12, 2021) (collecting cases). Here, the Complaint alleges that Dr. Zackson has placed Dynamic in an "imminent, ever- present, and devasting peril," but fails to provide any factual detail about how what that peril is or how the recordings it alleges she has could cause that peril. Complaint ¶ 26. Its mere suggestion that an injury is possible is insufficient to state a claim.

V.   <u>Dynamic Fails to Allege a Wiretap Under Connecticut Law</u>

The Connecticut wiretapping statute applies to wiretaps on phones, not general audio recordings that incidentally capture someone speaking on the phone. This is because the law is narrower than its federal counterpart, the Electronic Communications Privacy Act. Whereas the federal law prohibits the recording of both oral and wire communications, the Connecticut law only applies to "telephonic conversations." Conn. Gen. Stat. § 52-570d.

This Court should reject Dynamic's effort to ask a court in New York to stretch a Connecticut law in a manner no Connecticut court has done so far. Each published decision applying the law has applied it to a wiretap that recorded multiple participants on the call. For

9

example, the counterclaimant in *Bentley v. Tri-State of Branford, LLC*, 2017 U.S. Dist. LEXIS 123888, *17 (D. Conn. Aug. 6, 2017) alleged the counterclaim-defendant secretly recorded the phone calls between them to obtain evidence of its business practices. With no comparable precedent applying the law to general audio recordings that include the sound of a person making a phone call, Dynamic fails to state a claim pursuant to the Connecticut statute.

VI. Injunctive Relief is Not a Separate Cause of Action

This Court should dismiss Dynamic's first cause of action for injunctive relief since "a request for injunctive relief is not a separate cause of action." *Milligan v. GEICO Gen. Ins. Co.*, 2022 U.S. App. LEXIS 3922, at *17 (2d Cir. Feb. 14, 2022).

## CONCLUSION

For all the above reasons, Dr. Zackson respectfully requests that the Court grant her motion to dismiss in its entirety, award her costs, and grant any other relief it deems just.

Dated: New York, New York
July 22, 2024

Respectfully submitted,

OBERHEIDEN, P.C.

_____
William H. Newman
30 Wall Street, Eighth Floor
New York, New York 10005
Phone: (212) 970-9468
Email: will@federal-lawyer.com

Attorney for Dr. Judith Zackson

10