UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
DYNAMIC STAR, LLC,

                Plaintiff,

      -against-                                  24-cv-4649 (LAK)

DR. JUDITH ZACKSON,

                Defendants
------------------------------------x

## MEMORANDUM OPINION GRANTING
## DEFENDANT'S MOTION TO DISMISS

Appearances:

                            Jay Edmund Russ
                            Daniel P. Rosenthal
                            Ira Levine
                            RUSS & RUSS, P.C.
                            *Attorneys for Plaintiff*

                            William Howard Newman
                            OBERHEIDEN PC
                            *Attorneys for Defendant*

LEWIS A. KAPLAN, *District Judge.*

        This case arises out of a pending divorce proceeding in Connecticut involving Brad Zackson and his wife, Dr. Judith Zackson. Mr. Zackson is a senior executive at Dynamic Star, LLC ("Dynamic"), a real estate development firm based in New York, NY. Dr. Zackson is an entrepreneurial clinical psychologist with practices in Greenwich, CT and New York, NY.

        According to the complaint, Dr. Zackson purchased at least one electronic device in 2022 to surreptitiously record Mr. Zackson while they were separated but living out of the same

2

house in Greenwich.[1] Dr. Zackson admits to having planted one recording device in Mr. Zackson's living area without his knowledge or consent, but she claims that she could not make it work, that it was discovered right away, and that she did not hear or successfully record anything.[2] Dynamic counters that Dr. Zackson purchased many other recording devices as well, none of which have been accounted for.[3]

Dynamic fears that Dr. Zackson made and possesses or controls multiple recordings of her husband which captured sensitive Dynamic business information and private communications. It interprets a remark by Dr. Zackson to or in the presence of Dynamic's president, Gary Segal, as a threat to release such recordings unless Segal paid her off.[4] Dynamic therefore brought this action, initially in a New York court, seeking a permanent injunction, statutory recoveries under both federal and Connecticut law, and damages for tortious interference with its business relations.[5] Dynamic simultaneously moved for a temporary restraining order ("TRO") and preliminary injunction enjoining Dr. Zackson from disseminating or using any recording without leave of Court.[6] The state court granted the TRO[7] following which Dr. Zackson removed the case to this court.

---

[1] Dkt 3-1 (Compl.) ¶¶ 9-11.

[2] Dkt 15-5 (J. Zackson Sup. Aff.) ¶¶ 14-16.

[3] Dkt 3-1 (Compl.) ¶¶ 12-16.

[4] *Id.* ¶¶ 4, 21.

[5] *Id.* ¶¶ 19-27.

[6] Dkt 3-8 (TRO Mot.) at 2.

[7] Dkt 4-26; *see also* Dkt 13-1 (Hearing Tr.).

3

Dr. Zackson now moves to dismiss the complaint on numerous grounds, including failure sufficiently to allege a basis for personal jurisdiction.[8] Because the Court concludes that it does not have personal jurisdiction over Dr. Zackson, this order does not address her other arguments.

To defeat a motion to dismiss, a plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face," with the Court drawing reasonable inferences in the plaintiff's favor.[9] A *prima facie* showing of personal jurisdiction is required to survive dismissal, which "'must include an averment of facts that, if credited by [the ultimate trier of fact], would suffice to establish jurisdiction over the defendant.'"[10] New York's long-arm statute lists four ways in which specific personal jurisdiction could be exercised over a defendant[11] — Dr. Zackson contends that none apply here, which Dynamic does not contest because it failed to reply to Dr. Zackson's motion to dismiss. The Court agrees with Dr. Zackson, but notes that two prongs of the statute merit discussion.[12]

1.   N.Y. CPLR § 302(a), subd. 2, permits the exercise of specific personal

---

[8] Dkt 19 (Def. Mem.).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted).

[10] *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010) (quoting *Metro. Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996)).

[11] N.Y. CPLR § 302(a)(1)-(4).

[12] While neither party raises the issue, the Court notes for completeness that Dr. Zackson did not waive her personal jurisdiction arguments by removing this case to federal court. *See, e.g.*, *Cantor Fitzgerald, L.P, v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996) (rejecting the argument that defendant "waived his defense of lack of personal jurisdiction by removing to federal court," explaining that "[r]emoval does not waive any Rule 12(b) defenses.") (citing *Holzsager v. Valley Hosp.*, 646 F.2d 792, 796 (2d Cir. 1981)); *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020) (collecting cases).

4

jurisdiction where a plaintiff asserts a claim arising out of the commission of "a tortious act within the state." "[P]hysical presence in New York [of the alleged tortfeasor] is a prerequisite to jurisdiction" under this prong.[13] Yet the closest that the complaint comes to alleging Dr. Zackson's actual presence in New York is its assertion that, "[i]n August 2023, Brad found a tracking device that had been placed on the fence of his new residence in Bedford, New York," which had been put there by a landscaper who found it under his car.[14] While the tracker did match one that Dr. Zackson previously had bought online, she had purchased that device over *two years* earlier and more than a year before Mr. Zackson allegedly moved to New York.[15] Nor does Dynamic allege that Dr. Zackson was the one who placed the tracker on Mr. Zackson's car, let alone that she did so in the State of New York. In short, the complaint contains no other factual allegation that even arguably suggests that Dr. Zackson engaged in tortious conduct while physically present in New York. Accordingly, the complaint does not sufficiently allege the commission of a tortious act in this state.

        2.      New York also permits the exercise of personal jurisdiction where a party "commits a tortious act without the state causing injury to person or property within the state . . . if [s]he (I) regularly does or solicits business . . . in the state . . . ."[16] Dr. Zackson claims that she is a Connecticut-based health practitioner and therefore does not regularly do or solicit business in

---

[13] *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 790 (2d Cir. 1999) (citing *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 28 (2d Cir. 1997)).

[14] Dkt 3-1 (Compl.) ¶ 16.

[15] *Id.*

[16] N.Y. CPLR § 302(a), subd. 3.

5

New York.[17] But that dog won't hunt. Dynamic has submitted a host of evidence demonstrating that Dr. Zackson "regularly does or solicits business" within the state, including numerous exhibits where Dr. Zackson marketed herself to New York clients as a New York psychologist, listed her New York state psychologist's license in advertisements and on personal websites, and listed her firm's New York City address on Madison Ave in online directories.[18]

That said, however, "determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction" requires application of the "situs-of-injury test, which asks [the court] to locate the 'original event which caused the injury.'"[19] "[T]he situs of the injury is the location of the *original event* which caused the injury, *not* the location where the resultant damages are subsequently felt by the plaintiff."[20] Application of the situs-of-injury test has prevented personal jurisdiction in instances where a plaintiff living in New York was fired by his out-of-state employer,[21] where a New York plaintiff received negligent medical treatment out-of-state,[22] and where an out-of-state client failed to pay for legal fees rendered in New York,[23] even though the

---

[17] Dkt 19 (Def. Mem.) at 4.

[18] *See* Dkt 3-8 (TRO Mot.) at 3-4; Dkt 3-14; Dkt 3-15; Dkt 3-16; Dkt 3-17.

[19] *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001) (quoting *Bank Brussells Lambert*, 171 F.3d at 791); *see also Thackurdeen v. Duke Univ.*, 660 F. App'x 43, 46-47 (2d Cir. 2016).

[20] *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990) (internal quotation marks omitted) (emphasis added) (quoting *Carte v. Parkoff*, 152 A.D.2d 615, 616, 543 N.Y.S.2d 718, 719 (2d Dep't 1989)).

[21] *Id.*

[22] *Hermann v. Sharon Hosp., Inc.*, 135 A.D.2d 682, 683, 522 N.Y.S.2d 581 (2d Dep't 1987); *Carte*, 152 A.D.2d at 616.

[23] *Whitaker*, 261 F.3d at 209.

6

plaintiffs felt the injury in New York.

Here, Dynamic's complaint simply alleges that Dr. Zackson recorded its employee, Mr. Zackson, in his living area in Connecticut at least once, that it does not know when or where else she may have done so, and that disclosure of any business conversations Mr. Zackson might have had in his living area would be damaging to Dynamic.[24] While it alleges also that one of the recordings was of a conversation between Mr. Zackson and a business associate,[25] it does not identify the business associate or indicate where the associate was located when the conversation allegedly was recorded. There is no factual allegation that Dr. Zackson recorded a specific conversation between Mr. Zackson and someone located in New York. Nor is it alleged that any of Dr. Zackson's alleged tortious actions took place in New York. Thus, the complaint fails to allege that the "original event[s] which caused the injury" occurred in New York.

Accordingly, this Court lacks personal jurisdiction over the defendant, Dr. Judith Zackson. Defendant's motion to dismiss (Dkt 18) therefore is GRANTED.

SO ORDERED.

Dated:    August 6, 2024

_____
Lewis A. Kaplan
United States District Judge

---

[24] Dkt 3-1 (Compl.) ¶ 9-16.

[25] *Id.* ¶ 11.